**In re Joseph FOSTER, Leah E. Foster, Debtors.**

**No. 00–12935.**

United States Bankruptcy Court, D. Rhode Island.

May 11, 2001.

Peter G. Berman, Raskin & Berman, Providence, RI, for Debtors.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

Matthew J. McGowan, Salter, McGowan, Sylvia & Leonard, Providence, RI, for Sovereign Bank New England.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on confirmation of an Amended Chapter 13 plan wherein the Debtors pro-

pose to separately classify a portion of Sovereign Bank New England's unsecured claim, and to pay that creditor 100%, while other unsecured creditors receive approximately 2% of their claims. The Chapter 13 Trustee objects on the ground that the proposed classification unfairly discriminates in favor of Sovereign, in violation of 11 U.S.C. § 1322(b)(1).[1]

In discussing this same issue, we have recently stated:

> In determining whether such classifications discriminate unfairly, courts have considered the following factors:
>
> (1) whether the discrimination has a reasonable basis;
>
> (2) whether the debtor can complete a plan without the discrimination;
>
> (3) whether the discrimination is proposed in good faith; and
>
> (4) whether the degree of discrimination is directly related to the rationale for the discrimination.
>
> *In re Whitelock*, 122 B.R. 582, 588 (Bankr.D.Utah 1990); *In re Bowles*, 48 B.R. 502 (Bankr.E.D.Va.1985). These four factors, however, are not exclusive of all other considerations.
>
> No single test or formula provides a satisfactory structure for all contexts. The question, as Judge Ginsberg recognized in *In re Chapman*, boils down to whether the plan reflects a reasonable balance in "the relative benefits allocated to the debtor and creditors from the proposed discrimination." 146 B.R. [411] at 419 [(Bankr.N.D.Ill. 1992)].
>
> Finally, any analysis of the relative benefits (and detriments) resulting

from the proposed discrimination must be undertaken in light of the impact of the discrimination on Congress' chosen statutory definition of the legitimate interests and expectations of parties-in-interest to Chapter 13 proceedings.

*In re Colfer*, 159 B.R. 602, 607–08 (Bankr.D.Me.1993) (footnotes omitted). We believe that the determination should be made based on the totality of circumstances, including balancing the relative benefits to the debtor and creditors from the proposed discrimination. . . .

It is the Debtors' burden to demonstrate by a preponderance of the evidence that the proposed classification and treatment of creditors does not discriminate unfairly. *Id.* at 608.

*In re Regine*, 234 B.R. 4, 6 (Bankr.D.R.I. 1999).

The reason for the proposed discrimination here is that, pre-petition, the Debtors drew down on their unsecured line of credit with Sovereign, and used those funds to pay priority federal and state income tax obligations. The Trustee readily acknowledges that if the taxing authorities were unpaid on the date of the petition, they would have been entitled to payment ahead of unsecured creditors. The Debtors wish to separately classify only that portion of Sovereign's claim that was used to pay the priority tax creditors approximately $7,000. The balance of Sovereign's $22,000 unsecured claim will be paid at the rate of 2%, along with the Fosters' other unsecured creditors.

Applying the standards referenced above, and because (and *only* because)

---

1. This Section states:
   (b) Subject to subsections (a) and (c) of this section, the plan may—
   (1) designate a class or classes of unsecured claims, as provided in section 1122

of this title, but may not discriminate unfairly against any class so designated. . .

11 U.S.C. § 1322(b)(1).

unsecured creditors are receiving exactly what they would have received even without the Debtors' strategizing, I find that although the plan might appear to take aim unfairly at nonpriority creditors, in reality there is no effective discrimination here. Accordingly, the Debtors' Amended Chapter 13 Plan is confirmed, and the Trustee should file a standard order of confirmation within ten (10) days:

Enter judgment consistent with this order.